IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WESLEY JOHNSON,                           )
                                          )
           Plaintiff,                     )
                                          )
v.                                        )        Case No. 3:11-cv-1087-GPM-DGW
                                          )
CHRISTOPHER  CREECH  and  MATTHEW )
HARTRICH,                                 )
                                          )
           Defendants.                    )

**ORDER**

**WILKERSON, Magistrate Judge:**

On January 31, 2013, Defendants filed a Motion for Summary Judgment (Doc. 34) arguing that Plaintiff failed to exhaust his administrative remedies with respect to his failure to protect claim against the two Defendants in this matter.  Plaintiff failed to respond to the Motion for Summary Judgment by the March 7, 2013 deadline.   In light of Plaintiff's failure to respond, the hearing, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), that was set for March 13, 2013 was cancelled and Plaintiff was directed to show cause why this Court should not recommend that the Motion for Summary Judgment be granted (Doc. 35).   Plaintiff responded to the Order to Show Cause on April 1, 2013 and indicated that some of his legal mail was lost and that, presumably, he was unable to timely respond to the Motion for Summary Judgment (Doc. 37).   Shortly thereafter, this Court reset the *Pavey* hearing for April 26, 2013 at 10:00 a.m. and Plaintiff, who is proceeding *pro se* and who is currently not in custody, was directed to appear in person.

Plaintiff failed to appear at the *Pavey* hearing at the scheduled time.  Defendant timely appeared by counsel, Robert Rottach.  The hearing was adjourned at 10:17 a.m.  Thereafter,

Plaintiff called the Clerk's Office to indicate that he was on his way to the Courthouse for the hearing.   Attorney Rottach graciously agreed to remain in the Courthouse until 11:30 a.m. in the event that Plaintiff should arrive by that time and the hearing could commence.   Plaintiff, however, did not arrive until sometime after 11:30 a.m.   This Court nonetheless re-opened the hearing at 3:00 p.m. in light of Plaintiff's, albeit tardy, appearance.   Attorney Rottach was notified that he may appear by telephone but that his appearance was not required.   Attorney Rottach declined to appear.   At the 3:00 p.m. hearing, Plaintiff indicated that he was tardy because his flight was delayed.

In light of the posture of this matter, that Plaintiff is proceeding *pro se* and *in forma pauperis*, that he must travel from Northern Illinois to this Court, and that Plaintiff did not fully address Defendant's Motion for Summary Judgment, the following is hereby **ORDERED**:

1.  Plaintiff **SHALL** file a supplemental response to the Motion for Summary Judgment by **May 13, 2013**.  In the response, Plaintiff shall address Defendants' argument that he failed to exhaust the June 30, 2011 grievance.  In particular, Plaintiff shall indicate and provide evidence of what steps he took to exhaust that grievance prior to filing this lawsuit and in particular whether he appealed to the Administrative Review Board (ARB).

2.  In light of the cost to the parties to travel to East St. Louis for hearings, the Court will issue a Report and Recommendation on the paper submissions of the parties unless the Court believes another *Pavey* hearing is warranted based on Plaintiff's submission.

3.  Plaintiff is **WARNED** that the failure to submit a response as outlined above SHALL result in a Report and Recommendation that Defendant's Motion for Summary Judgment be granted.

**DATED: May 1, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

2