IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WESLEY JOHNSON,            )
                                )
       Plaintiff,           )
                                )
       v.                )      Case No. 3:11-cv-1087-GPM-DGW
                                )
CHRISTOPHER CREECH and MATTHEW  )
HARTRICH,             )
                                )
       Defendants.     )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on Exhaustion filed by Defendants, Christopher Creech and Matthew Hartrich, on January 31, 2013 (Doc. 34) be **GRANTED**, that summary judgment be **GRANTED** in favor of Defendants and against Plaintiff, and that the Court adopt the following findings of fact and conclusions of law.

### BACKGROUND

A *Pavey v. Conley,* 544 F.3d 739 (7th Cir, 2008), hearing was not held in this matter in light of various circumstances that were outlined in this Court's previous Order dated May 1, 2013 (Doc. 42).  In that Order (and in person), this Court stated:

> Plaintiff **SHALL** file a supplemental response to the Motion for Summary Judgment by **May 13, 2013**. In the response, Plaintiff shall address Defendants'

argument that he failed to exhaust the June 30, 2011 grievance. In particular, Plaintiff shall indicate and provide evidence of what steps he took to exhaust that grievance prior to filing this lawsuit and in particular whether he appealed to the Administrative Review Board (ARB).

Plaintiff filed a response to that Order on May 6, 2013.  In light of Plaintiff's submissions to date (Docs. 37, 38, and 43), an evidentiary hearing is not required because there are no facts in dispute.

### FINDINGS OF FACT

Plaintiff has alleged one claim against Defendants Creech and Hartrich for failure to protect related to an assault that occurred on June 13, 2011 while Plaintiff was incarcerated at the Lawrence Correctional Center.  Plaintiff alleges that he told Defendants that another inmate, named Collins, had threatened him and that they disregarded his complaints.  Plaintiff subsequently was assaulted by Collins in the prison gym.

On June 30, 2011, Plaintiff submitted an emergency grievance related to the assault (Def. Ex. A).  He states that he told Defendant Hartrich on June 8, 2011 that he was being threatened by inmate Collins and that Hartrich merely laughed and told him to defend himself.  Plaintiff further states that he told Defendant Creech about Collins' threats and that he similarly told Plaintiff to defend himself.  Plaintiff attributes their lack of assistance to the fact that he is a sex offender.

The grievance was not considered an emergency by the Chief Administrative Officer on November 7, 2011 (Def. Ex. A).  The grievance was submitted to Plaintiff's counselor who responded on November 10, 2011 with the notation: "unable to substantiate offender's claims. No known enemies are listed at this institution" (*Id.*).  The grievance was appealed to the Grievance Officer who issued a report on March 7, 2012 (Def. Ex. B).  The Grievance officer

2

recommended that the grievance be denied after recounting Defendants' statements that Plaintiff never approached them, that they did not either know or disparage Plaintiff for being a sex offender, and that they would not have ignored reports of violence (*Id.*).   The Chief Administrative Officer concurred on April 6, 2012.  There is no indication in the copy of the grievance provided by Defendants that Plaintiff appealed the institution's decision to the Director.

Defendants have provided the affidavit of Sarah L. Johnson, the Chairperson of the Administrative Review Board in the Office of Inmate Issues (Def. Ex. D).  In this Affidavit, Ms. Johnson indicates that she searched the ARB's records and found no grievance asserting the claims made in this lawsuit and no record of having received such a grievance (*Id.* ¶ 7).

In his response to the Motion for Summary Judgment (Doc. 37), Plaintiff indicates that he appealed to the Warden but does not state (or provide any evidence) regarding what steps he took after receiving the Warden's response.   In responding to this Court's specific instructions, Plaintiff similarly does not state what steps he took to appeal his grievance to the ARB.  In a one page signed "statement of facts," Plaintiff does not mention what steps he took to appeal to the ARB.  In an attached document titled "To whom it may concern" and containing the date June 30, 2011,[1] Plaintiff restates a portion of his Complaint concerning steps taken in the grievance procedure.  Plaintiff indicates that he used the grievance procedure at the prison and received a response from the Warden indicating that the matter was not an emergency (Doc. 1, p. 4; Doc. 43, p. 2).  There is no further statement of any appeals.  In a subsequent section which seeks information for when there is no grievance procedure, Plaintiff states that he "wrote letters to

---

[1] It is unclear whether the document was generated on June 30, 2011 or whether Plaintiff merely is stating the date the grievance was filed – the later seems the more logical choice.

3

counselor and internal affairs" but that he did not receive any response (*Id*.).  In stating why he didn't attach any grievances to the Complaint, Plaintiff states "[n]ever received responses to letters, I am yet to receive grievance back with response" (*Id*.).  Finally, an affidavit attached to this response similarly does not indicate what steps Plaintiff took to appeal to the ARB (Doc. 43, p.4).

## CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005).  The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).  *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).  A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*,

407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The PLRA provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor.  ILL. ADMIN. CODE TIT. 20, § 504.810(a).  If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b).  The grievance officer is required to advise the Chief Administrative Officer

("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

6

There is no evidence in the record that Plaintiff appealed the Warden's (CAO's) denial of the grievance at issue. Even when Plaintiff was specifically instructed to indicate what steps he took to file an appeal with the ARB, he failed to argue or submit any evidence related to any such appeal. And, while Plaintiff state that he did not receive any grievances back, this statement is not evidence: it is not support by an affidavit or other admissible evidence. Therefore, there is no evidence that Plaintiff exhausted his administrative remedies. In light of the lack of any material fact in dispute, a *Pavey* hearing is unnecessary in this matter.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment on Exhaustion filed by Defendants, Christopher Creech and Matthew Hartrich, on January 31, 2013 (Doc. 34) be **GRANTED**, that summary judgment be **GRANTED** in favor of Defendants and against Plaintiff, and that the Court adopt the following findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 17, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

7