IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESLEY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-1087-GPM |
| ) | |
| CHRISTOPHER CREECH and ) | |
| MATTHEW HARTRICH, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 46), recommending this Court grant the motion for summary judgment filed by Defendants Christopher Creech and Matthew Hartrich, and find Plaintiff Wesley Johnson failed to exhaust his administrative remedies prior to filing this 42 U.S.C. § 1983 suit. For the following reasons, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation.

## BACKGROUND

Plaintiff Wesley Johnson filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he suffered constitutional deprivations while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Specifically, Johnson alleged that Defendants Christopher Creech and Matthew Hartrich, correctional officers at Lawrence, failed to protect him from assault by another inmate (Doc. 1).

Johnson's claims against Defendants Creech and Hartrich survived threshold review by the Court (Doc. 12). Creech and Hartrich then filed a motion for summary judgment claiming that Johnson failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (Doc. 34). An evidentiary hearing on the issue of exhaustion pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was set for March 13, 2013 (Doc. 33). That hearing was cancelled, however, because Johnson did not file a response to Defendants' motion for summary judgment (Doc. 35). Johnson was ordered to show cause why Defendants' motion should not be granted (Doc. 35), and Johnson filed a response to Defendants' motion for summary judgment on April 1, 2013 (Doc. 37).

The *Pavey* hearing was rescheduled for April 26, 2013 at 10:00 a.m. and Johnson was directed to appear in person (Doc. 40). However, due to circumstances explained in the Court's previous order dated May 1, 2013 (Doc. 42) the hearing was not held. Instead, Johnson was instructed to file a supplemental response to Defendants' motion for summary judgment (Doc. 42), and he did so (Doc. 43).

Following these submissions from the parties, Magistrate Judge Wilkerson issued the Report and Recommendation currently before this Court (Doc. 46). Upon review of the papers, the docket, and the Magistrate Judge's Report and Recommendation, the Court concludes the Report and Recommendation accurately states the nature of the evidence presented by both sides, including the testimony heard during the *Pavey* hearing, as well as the applicable law and the requirements of the administrative process.

**EVIDENCE**

There is only one grievance that pertains to the instant motion for summary judgment—Johnson's June 30, 2011 grievance. Defendants Creech and Hartrich contend that Johnson failed to exhaust the June 30th grievance because he filed the instant lawsuit before receiving the CAO's decision and without appealing the CAO's decision to the ARB (Doc. 34).

The following facts were taken from the briefs and exhibits submitted by the parties. Johnson filed an emergency grievance on June 30, 2011 with the Chief Administrative Officer ("CAO") regarding his assault (Doc. 34-1). On November 7, 2011, the CAO determined that Johnson's grievance was not an emergency, and indicated that "Offender should submit the grievance in the normal manner" (Doc. 34-1). Johnson submitted his grievance to his counselor, who received it on November 11, 2011 (Doc. 34-1). The counselor responded on November 21, 2011 that he was unable to substantiate Johnson's claims and that Johnson did not have any known enemies at Lawrence at the time of the alleged assault (Doc. 34-1). Johnson then submitted his grievance to the grievance officer, who received it on December 1, 2011 (Doc. 34-1). Johnson filed the instant suit less than two weeks later, on December 12, 2011 (Doc. 1). He was released from incarceration at Lawrence Correctional Center on January 10, 2012 (Doc. 34). The grievance officer denied Johnson's grievance on March 7, 2012 and the CAO concurred with the denial on April 6, 2012 (Doc. 34-1).

**CONCLUSIONS OF THE REPORT AND RECOMMENDATION & PLAINTIFF'S OBJECTION**

The Report and Recommendation was entered on July 17, 2013 (Doc. 46). In the Report and Recommendation, Judge Wilkerson found that after the CAO denied Johnson's grievance on April 6, 2012, Johnson failed to appeal the denial to the ARB (Doc. 46). Accordingly, Judge

Wilkerson concluded that Johnson failed to exhaust his administrative grievances (Doc. 46).

Johnson filed his objection to the Report and Recommendation on July 29, 2013 (Doc. 47). For his objection, Plaintiff attached a page from his complaint regarding the grievance procedure and stated the following:

> Rejection. To the offer of this letter. And all other offers in reguards [sic] to the offers. if the next offers is not in the Range of "50" millions, I do not wish to respond. to any of your offer.

(Doc. 47).

## DISCUSSION

Generally where timely objections to the Report and Recommendation are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. §§ 636(b)(1)(B), (C), FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993). In reviewing the Report and Recommendation, the Court "need not conduct a new hearing on the entire matter, but must give 'fresh consideration to those issues to which *specific* objections have been made.'" *Harper*, 824 F. Supp. At 788 (emphasis added) (citations omitted). According to Local Rule 73.1(b), a specific objection is one that identifies the portions of the proposed findings, recommendations, or reports to which the objection is made, *and* the basis for the objection. SDIL-LR 73.1(b); *see also* FED. R. CIV. P. 72(b). If no objection or only partial objection is made, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the magistrate judge's recommendation. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court has the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Johnson's objection is nearly incomprehensible, and cannot be considered a specific objection as contemplated by Rule 72(b) or Local Rule 73.1(b). Therefore, a *de novo* review is not required; the Court need only review the magistrate's proposed findings and recommendations for clear error. The Court has reviewed the briefs and exhibits submitted by the parties, as well as, Judge Wilkerson's Report and Recommendation. Following this review, the Court agrees with the analysis and conclusions of Judge Wilkerson regarding Plaintiff's failure to exhaust his administrative remedies.

**A. Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA") requires exhaustion of all available administrative remedies before a prisoner brings a § 1983 lawsuit. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524 (2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2005). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

As an inmate confined with the Illinois Department of Corrections, Johnson was required to follow the regulations contained in the Illinois Administrative Code ("the Code") to properly exhaust his claims. Under the procedures set forth in the Code, an inmate must generally submit their grievance through a sequential process which begins with an attempt by the inmate to resolve the issue informally through a prison counselor. ILL. ADMIN. CODE tit. 20 § 504.810(a). If the complaint remains unresolved, the inmate must submit a written grievance to the grievance officer at the facility who submits a recommendation to the CAO at the facility—typically the warden. ILL. ADMIN. CODE tit. 20, §§ 504.810, 504.830. The CAO is to render a decision to the

inmate within two months after receipt of the grievance, where reasonably feasible under the circumstances. ILL. ADMIN. CODE tit. 20 § 504.830(d).

However, the regulations also provide that an offender may request that a grievance be handled on an emergency basis by forwarding the grievance directly to the warden. ILL. ADMIN CODE tit. 20, § 504.840. When an emergency grievance is filed, the CAO must expedite the processing of the grievance and follow up with the inmate to inform the inmate what action if any has been or will be taken. *Id.*

### B. The June 30, 2011 Grievance

It is undisputed that Johnson's June 30, 2011 grievance was submitted for emergency review. There is no prescribed deadline for the CAO to respond to an emergency grievance. *See* ILL. ADMIN CODE tit. 20, § 504.840. However, the Code requires the CAO to respond to non-emergency grievances within two months, if reasonably feasible. ILL. ADMIN CODE tit. 20, § 504.830(d). Therefore, it is axiomatic that the CAO should also respond to an emergency grievance in less than two months. Two months passed, however, and Johnson still had not received the CAO's response as to whether his grievance warranted emergency treatment. In *Smith v. Davis,* the Seventh Circuit noted that once the prison has failed to respond to an inmate's grievance within the established time frame, this allows the inmate to move to the next stage of the grievance process. *Smith v. Davis,* 218 Fed. Appx. 505, 507 (7th Cir. 2007). *See also Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (holding administrative remedies are exhausted when prison officials fail to respond to inmate grievances because those remedies have become unavailable). Therefore, at this point, Johnson could have filed suit. But he chose not to do so. Instead, he chose to wait for the CAO's response.

The CAO ultimately responded—albeit four months later—and determined that Johnson's grievance did not constitute an emergency. To fully exhaust his emergency grievance, Johnson needed to appeal the CAO's determination that the grievance did not warrant emergency treatment to the ARB. ILL. ADMIN CODE tit. 20, §§ 504.840, 504.850. *See Glick v. Walker,* 385 Fed.Appx. 579, 583 (7th Cir. 2010) (holding inmate had exhausted administrative remedies after his emergency grievance had been rejected by the warden and the ARB); *Johnson v. Ghosh*, Case No. 10 C 6897, 2011 WL 2604837, at *4 (N.D. Ill. June 30, 2011); *Haywood v. Hathaway,* Case No. 09–cv–0807, 2011 WL 1775734, at *2–3 (S.D. Ill. Apr. 22, 2011). But Johnson chose not to appeal the CAO's decision to the ARB. Instead, he sought to pursue his grievance through the normal grievance process. It is well-established that an inmate who submits an emergency grievance under § 504.840 has no obligation to resubmit the grievance through the normal grievance process after the emergency grievance has been rejected by the CAO and the ARB. *See, e.g., Thorton v. Snyder,* 428 F.3d 690 (7th Cir. 2005); *Glick v. Walker,* 385 Fed.Appx. 579 (7th Cir. 2010). However, Johnson failed to appeal to the ARB, and therefore, his only option for fully exhausting his administrative remedies was to complete the normal, non-emergency grievance process.

Johnson submitted his grievance to his counselor on November 10, 2011. When his counselor claimed he was unable to substantiate Johnson's claims, Johnson submitted the grievance to the grievance officer. The grievance officer received Johnson's grievance on December 1, 2011. Johnson, however, did not wait for a proper response from the grievance officer. Instead, he filed suit just eleven days later. Because he filed suit without waiting for the CAO's decision, and without appealing the CAO's decision to the ARB, Johnson failed to exhaust

his administrative remedies. *See Torres v. Fenoglio*, Case No. 12-cv-0064, 2013 WL 3808043 (S.D. Ill. July 19, 2013) (adopting Report and Recommendation concluding that plaintiff failed to exhaust his administrative remedies when he did not appeal the denial of his emergency grievance to the ARB or complete the normal grievance process before filing suit).

There were several junctures at which Johnson could have made a different choice, and if he had done so, Defendants presumably would have lost the exhaustion argument. For example, after two months passed without a response to his emergency grievance, he could have filed suit. But Johnson chose to remain engaged in the grievance process and waited for a response from the CAO. Additionally, once the CAO determined Johnson's grievance was not an emergency, he could have appealed to the ARB. But Johnson chose to forego that option and instead resubmitted his grievance through the normal process. Finally, Johnson could have simply waited until he was released from prison, and the exhaustion requirement no longer pertained to him, to file his lawsuit. Johnson, however, chose to submit his grievance through the normal grievance process, but filed suit before the process was complete. Accordingly, Johnson's grievance was not fully exhausted and summary judgment must be granted in favor of Defendants Creech and Hartrich.

## CONCLUSION

For the reasons set forth above, Plaintiff's objection to the Report and Recommendation is **OVERRULED**. The Report and Recommendation of Magistrate Judge Wilkerson (Doc. 46) is **ADOPTED** in full. Defendants Christopher Creech and Matthew Hartrich's motion for summary judgment (Doc. 34) is **GRANTED.** Defendants are **DISMISSED with prejudice** and the Clerk of the Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED:   September 26, 2013

*s/ G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge